THE STATE OF KANSAS, *ex rel. Joseph Taggart, as County Attorney, etc.,* v. THE STANDARD REAL ESTATE LOAN COMPANY.

No. 15,908.

BUILDING AND LOAN ASSOCIATIONS—*Evidence.* The charter of a foreign corporation examined and held to show that it is a building and loan association within the meaning of the statute (Gen. Stat. 1901, § 1421) requiring associations of that character to procure authority from the bank commissioner before doing business in this state.

Original proceeding in *quo warranto.* Opinion filed July 3, 1909. Judgment for the plaintiff.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, *Joseph Taggart,* county attorney, and *Charles D. Shukers,* for The State.

*A. E. Firmin, A. B. Quinton,* and *E. S. Quinton,* for the defendant.

*Per Curiam:* This is an original proceeding in *quo warranto,* brought by the state to oust the defendant from doing business in the state as a foreign building and loan association without procuring a certificate of authority from the bank commissioner, as the law requires. (Gen. Stat. 1901, § 1421.) It is admitted that the defendant is doing business in the state, and that no such certificate has been procured, but the defendant denies that it is a building and loan association.

The State v. Loan Co.

The legislature has prescribed a scheme for domestic concerns of this character, but it is not necessary that the plan of a foreign association be identical with that provided for in the statute to subject such association to the law requiring a license. Nor is it necessary that the scheme of the foreign association should conform to that of any other already in use, provided in essence and effect such association performs the functions and accomplishes the purposes for which building and loan associations are usually organized. That the defendant organization clearly does. Its charter is studiously blind as to the object of its creation. The plan does appear, however, in an "investment contract" which the defendant issues and sells in the place of shares of stock. It is not necessary to encumber the reports with a copy of this instrument or a feature-by-feature analysis and discussion of its provisions. It is unique, presents a system differing in many formal respects from that of building and loan associations generally, and eliminates altogether some of the incidents of ordinary plans. But the vital and essential features of even the type prescribed for Kansas associations appear, and the court finds that the defendant is a foreign building and loan association, has procured no certificate of authority to do business in this state from the bank commissioner, is therefore doing business in the state contrary to law, and ought to be ousted. Judgment accordingly.